IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JARRETT R. NELSON                                                                PETITIONER

VS.                                      CIVIL ACTION NO. 3:19cv302-DPJ-FKB

BILLY SOLLIE                                                           RESPONDENT

**REPORT AND RECOMMENDATION**

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Jarrett R. Nelson. Presently before the Court are Respondent's Motion to Dismiss [6] and supplements to the Motion. [7], [8]. Nelson has responded to the motion. [9].

At the time he filed his petition, Nelson was a pretrial detainee being held at the Lauderdale County Detention Center in Meridian, Mississippi, on State criminal charges of aggravated assault-domestic violence and felony stalking. [1] at 7. In his filings, he alleges that the charges are false and officials handling his case are corrupt. *Id.* at 6-7. He challenges the length of his detention without trial and the amount of his bond. *Id.* at 7. Finally, Nelson asks for immediate dismissal of the criminal charges. *Id.* Since this action was filed in May 2019, a Lauderdale County grand jury indicted Nelson for misdemeanor stalking and felony cyberstalking. [8-1], [8-2]. Trial on these charges has been set for February 4, 2020, in the Circuit Court of Lauderdale County, Mississippi. [8-3].

A state court prisoner may raise a speedy trial claim under § 2241 in an effort to force the state to bring him to trial. *Brown v. Estelle*, 530 F.2d 1280, 1283 (1976) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)). However, if a petitioner is attempting to dismiss the indictment or prevent the prosecution of his case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes," which is not

normally allowed through federal habeas corpus. *Braden*, 410 U.S. at 490. Thus, relief under § 2241 is not available where, as in the present case, the petitioner seeks dismissal of state criminal charges based upon an affirmative defense, such as a violation of speedy trial. *Brown*, 530 F.2d at 1283.

Furthermore, it appears that Nelson has not exhausted his state court remedies as to any of his claims. *See Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (although § 2241 contains no statutory exhaustion requirement, a judicially-crafted requirement of exhaustion of state remedies applies). Although he asserts that he filed a grievance concerning his claims at the Lauderdale County Detention Center, he admits that he has not sought relief in the state court system. [1] at 2-4. Therefore, this Court may not entertain his petition for relief.

For these reasons, the undersigned recommends that Respondent's motion be granted and the petition be dismissed. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 29th day of January, 2020.

/s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE