UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JARRETT R. NELSON                                                    PETITIONER

V.                                          CIVIL ACTION NO. 3:19-CV-302-DJP-FKB

BILLY SOLLIE                                                        RESPONDENT

ORDER

This petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is before the Court

on the Report and Recommendation [10] of Magistrate Judge F. Keith Ball.  Petitioner Jarrett R.

Nelson filed an unsigned Objection [12], to which Respondent Billy Sollie filed a Response [13].

At the time of filing, Nelson was a pretrial detainee being held at the Lauderdale County

Detention Center on charges of domestic violence and felony stalking.  Pet. [1] at 7.  In his

Petition, Nelson challenges the length of his detention without trial and the amount of his bond.

*Id.*  As relief, he seeks dismissal of all criminal charges.  *Id.*

As Judge Ball pointed out, a state-court prisoner may raise a speedy-trial claim under

§ 2241 in an effort to force the state to bring him to trial.  R&R [10] at 1 (citing *Brown v. Estelle*,

530 F.2d 1280, 1283 (5th Cir. 1976)).  But "an attempt to dismiss an indictment or otherwise

prevent a prosecution" is impermissible.  *Brown*, 530 F.3d at 1283; *see* R&R [10] at 1–2.

Accordingly, Judge Ball correctly recognized that the relief Nelson seeks is unavailable under

§ 2241.  R&R [10] at 2.  Alternatively, dismissal of the petition is appropriate because Nelson

has not exhausted his state-court remedies as to any of his claims.  *Id.*

Moreover, since entry of the R&R, Respondent Billy Sollie supplemented his motion to

dismiss with a copy of an "Order Resetting Cause," dated February 4, 2020, continuing Nelson's

trial until May 26, 2020.  State Ct. Order [11-1].  This order affirmatively indicates, "Defendant hereby waives the right to a speedy trial."  *Id.*

And finally, as to Nelson's Objection [12], he primarily takes issue with the procedural history of the charges against him.  He says the original two charges were "no true billed" but the charges were "replaced" with two new charges—misdemeanor stalking and cyberstalking.  Obj. [12] at 1 (describing this history as "very wrong").  He also claims he has not "had a preliminary hearing on the charges."  *Id.*  While the procedural history is a bit complicated, Nelson has not described circumstances that would justify intervention in the state-court proceedings or dismissal of his criminal charges.  *Brown*, 530 F.2d at 1283.

The Report and Recommendation [10] is adopted as the opinion of the Court; the petition is dismissed.  A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 20th day of February, 2020.

s/ *Daniel P. Jordan III*_____
CHIEF UNITED STATES DISTRICT JUDGE